# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60296
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 5, 2016

Lyle W. Cayce
Clerk

ANDRES ANGEL GUILLEN-SILVERIO,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 164 459

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Andres Angel Guillen-Silverio, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from the Immigration Judge's (IJ) denial of his application for withholding of removal, and for protection under the Convention Against Torture (CAT). (He conceded removability.)

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-60296

Guillen challenges the BIA's determination he was not entitled to withholding of removal because he was not a member of a cognizable particular social group. He does not renew his contention he was entitled to withholding of removal because he faces persecution in Mexico based on his political beliefs, nor does he contest the BIA's determination he was not entitled to relief under the CAT; therefore, those claims are abandoned. *See, e.g.*, *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

The BIA agreed with the IJ's conclusion that Guillen is not eligible for withholding of removal because he failed to show membership in a cognizable particular social group; accordingly, the decisions of both the BIA and IJ are reviewable for substantial evidence. *See Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002). In that regard, his burden is to demonstrate the evidence compels a conclusion contrary to that reached by the BIA and IJ. *E.g.*, *Eduard v. Ashcroft*, 379 F.3d 182, 186 (5th Cir. 2004).

Guillen applied for withholding of removal based on his membership in the particular social group identified as "Mexican deportees who have lived many years in the United States, vulnerable to extortion, and resented by organized criminals now operating in Mexico". He contends his extended residency in the United States has instilled particular traits that will make him readily recognizable and vulnerable to abuse by criminals, and he is unable to relocate. This is insufficient to show the BIA erred in upholding the IJ's determination that Guillen's proffered group lacks the requisite social distinction and particularity. *See Orellana-Monson v. Holder*, 685 F.3d 511, 518–19 (5th Cir. 2012). Guillen points to no evidence in the record which compels a contrary conclusion; accordingly, he has not met his burden of proof. *See Eduard*, 379 F.3d at 186.

DENIED.